United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEARLA EVANS, et al.,

    Plaintiffs,

    v.

UNITED STATES, et al.,

    Defendants.
_____/

No. C 14-1304 PJH

**ORDER OF DISMISSAL; ORDER GRANTING IFP REQUEST**

    Plaintiffs Pearla Evans and Patrick Daniel Evans ("plaintiffs") filed this action on March 20, 2014, and filed an "addendum" to the complaint on April 1, 2014. Named as defendants are the "United States (Intelligence/Military)" and the Veterans' Affairs Palo Alto Health Care System ("VA Palo Alto"). Also named as a defendant is a licensed clinical social worker associated with VA Palo Alto, Major Kathy Lee. Also on March 20, 2014, plaintiffs filed a request to proceed in forma pauperis ("IFP"). Plaintiffs' IFP request is GRANTED, but because the court finds that the complaint fails to state a claim, the action is dismissed pursuant to 28 U.S.C. § 1915(e).

**DISCUSSION**

A.    Legal Standard

    The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). When a complaint is filed IFP, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. 28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir.

1984).

A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable basis in fact or in law. Neitzke v. Williams, 490 U.S. 319, 328-30 (1989). A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990). Thus, a court may dismiss as frivolous complaints that recite bare legal conclusions without any supporting facts. Franklin, 745 F.2d at 1228; see also Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 ( 9th Cir.1987). The term "frivolous" embraces "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325; McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing a complaint for frivolity, a trial court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. In so doing, the assessment of the factual allegations must be weighted in favor of the plaintiff. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

B.   The Complaint

The complaint does not clearly identify the specific legal claims that are asserted by which plaintiff(s) against which defendant(s). While the complaint does state that the court has federal question jurisdiction over the case because it involves "civil rights," the complaint does not make clear which of plaintiffs' civil rights were allegedly violated, how they were violated, or by whom they were violated. Instead, the complaint contains a

lengthy narrative describing alleged "microwave and security terrorisms, mind control programs, [and] immensely disturbing robotic voices," among other things. See Complaint, ¶ 5a. Attached to the complaint are a number of addendums, containing similar allegations.

C.   Analysis

The court finds that plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8(a), which requires that "[a] pleading that states a claim for relief" contain the following:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

In this case, plaintiffs have not specifically described the basis for this court's jurisdiction. While they have stated that this case involves their "civil rights," they do not identify a specific cause of action that is being asserted.

Plaintiffs' demand for relief also lacks clarity, in that it states that "Earth is Hell as one comes to learn this birth on earth so I Demand Icewater: I don't want microwave harassment to my bodily functions. Silence robotic programs which to date have no evidence known publicly." See Complaint at 11.

Accordingly, the court finds that the complaint fails to state a claim, and thus, it is DISMISSED. However, plaintiffs shall be afforded an opportunity to amend their complaint. Any amended complaint must be filed by **May 12, 2014**, and must specifically identify the causes of action being asserted, the specific defendant against whom each cause of action is asserted, which plaintiff is asserting each cause of action, and the specific allegations underlying each cause of action. Plaintiffs must also state a claim for relief in a manner

that can properly be addressed by the court.

Finally, in light of the complaint's dismissal, plaintiffs' motion for permission for electronic case filing is DENIED.

**IT IS SO ORDERED.**

Dated: April 14, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge